Electronically Filed
9/24/2018 8:39 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3520-18-J**

CAUSE NO. _____

EXHIBIT A

| | | |
|---|---|---|
| ANGELICA CHAVARRIA | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| VS. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE COMPANY | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY REQUESTS

TO THE HONORABLE JUDGE AND JURY OF SAID COURT:

COMES NOW, ANGELICA CHAVARRIA (herein individually or collectively "Plaintiff"), and files this Plaintiff's Original Petition complaining of Defendant ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, (herein "Defendant Insurance Company" or "Defendant"), and for cause of action shows the Court the following:

### I.  DISCOVERY CONTROL PLAN

1.1     Plaintiff intends to conduct discovery pursuant to Rule 190.2 under Rule 169(d) of the Texas Rules of Civil Procedure's Expedited Actions Process and affirmatively pleads that this suit falls under the expedited-actions process of Texas Rule of Civil Procedure 169 because claimant seeks only monetary relief aggregating less than $75,000, including damages of any kind, penalties, court costs, expenses, prejudgment interest and attorney fees.

1.2     Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.  Plaintiff's monetary request for relief is not to exceed $74,999.99, including damages of any kind, penalties, court costs, expenses, prejudgment interest and attorney fees. Tex. R. Civ. P. 47(c)(1).

### II.  PARTIES

2.1     Plaintiff, ANGELICA CHAVARRIA, is an individual who resides in Hidalgo

Electronically Filed
9/24/2018 8:39 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3520-18-J**

County, Texas.

2.2     Defendant ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY ("Defendant Insurance Company") is a foreign insurance company incorporated in the State of Illinois, organized under the laws of the State of Illinois, and engaged in the business of insurance in the State of Texas.  **Service of process is requested to be effectuated by certified mail on said Defendant by delivering the Citation and a copy of the Original Petition to said Defendant and/or Defendant's registered agent at:**

**CT Corporation System
1999 Bryan St Ste 900
Dallas TX 75201 -3136**

**The court's clerk is requested to issue the Citation and Original Petition by certified mail.**

### III.  JURISDICTION & RULE 47(c) STATEMENT

3.1     This Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiff affirmatively states, pursuant to Rule 47(c)(1) and Rule 47(d) Tex.R.Civ.Proc., that Plaintiff seeks monetary relief not to exceed $74,999.99, and a demand for judgment for all other relief to which Plaintiff deems Plaintiff is entitled to as demonstrated herein.

3.2     This Court has jurisdiction over Defendant Insurance Company because this Defendant is an insurance company incorporated in the State of Illinois, which engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

Electronically Filed
9/24/2018 8:39 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3520-18-J**

## IV. VENUE

4.1     Venue is proper in Hidalgo County, Texas, because the insured property, subject to this suit, is situated in Hidalgo County, Texas. TEX.CIV.PRAC. & REM. CODE §15.032.

## V. FACTS

5.1.     Plaintiff purchased a policy from Defendant Insurance Company, insuring Plaintiff's property against certain losses. The Policy number was 000836268103 (hereinafter referred to as "the Policy")

5.2     Plaintiff owns the insured property, which is located at 1705 Marble Street Penitas, TX 78576 (hereinafter referred to as "the Property").

5.3.     On or about June 2, 2017, a hail/wind storm passed through Hidalgo County and caused extensive damage to the insured property (the "hail/wind storm event"). Shortly thereafter, Plaintiff made a claim and demand for payment on Defendant Insurance Company for damages to the Property and other damages covered by the terms of the Policy (the "Claim"). The subject claim number is 0457044311.

5.4     Subsequent to Plaintiff making the Claim, Defendant Insurance Company assigned a local Texas Adjuster, to adjust the claim ("The Adjuster"). The adjuster failed to adequately adjust Plaintiff's claim.

5.5     After having the damages reevaluated by a qualified adjustor, Plaintiff sent Defendant a demand for payment of the claim. In response, Defendant Insurance Company has failed to tender adequate payment to which Plaintiff is entitled.

5.6     Plaintiff requested that Defendant Insurance Company cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the damaged structures and contents located on or around the exterior of the property as well as

Electronically Filed
9/24/2018 8:39 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3520-18-J

those within the interior, pursuant to the Policy.

5.7    Defendant Insurance Company has wrongfully delayed and denied payment of the balance due to Plaintiff for the Claim. Based upon information and belief, and as a basis for this delay and denial, Defendant Insurance Company has relied upon an inadequate and under-scoped adjustment which claims that the cost of repair for damages to Plaintiff's property were substantially less than the actual cost of repairs.

5.8    Pleading in the alternative, Plaintiff's actual covered damage and losses to the Property as a result of the hail/wind storm and other covered losses, including the costs of temporary repairs and alternative living expenses, have caused other consequential damages to be sustained by Plaintiff herein. Defendant Insurance Company is liable for these consequential damages due to its failure to promptly and sufficiently pay the claim.

5.9    Pleading in the alternative and based upon information and belief, the Adjustor was compensated for each claim the Adjustor adjusted on behalf of Defendant Insurance Company and/or other combination of compensation tied to the quantity of claims adjusted. As part of this believed agreement, the Adjustor under-scoped the value of the damages to the Property on behalf of Defendant Insurance Company.  The Adjustor was therefore motivated to conduct an inadequate and substandard claim investigation of Plaintiff's hail/wind storm damage property claim in order to increase the number of claims the Adjustor adjusted for his personal pecuniary benefit, as indicated below in sub-paragraphs (a) thru (g).  The Adjustor was negligent in violating Defendant Insurance Company's written policies as they relate to claims handling practices by failing to fully investigate and document all damage to the Property and by failing to fully investigate and evaluate the Plaintiff's insured losses based upon local replacement and/or repair costs for each item of damage, as indicated below in sub-paragraphs (a) thru (g).

Electronically Filed
9/24/2018 8:39 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3520-18-J**

Additionally, based upon information and belief and the acts and the practices the Adjustor actually employed, the Adjustor held a personal bias in favor of Defendant Insurance Company and prejudicially against insurance claimants generally, and more specifically towards Plaintiff herein as specifically demonstrated below in sub-paragraphs (a) thru (b).  The Adjustor, on behalf of Defendant Insurance Company, intentionally, knowingly and fraudulently, with malice, engaged in the following specified acts and practices, among others stated herein, in violation of and in breach of the adjuster's moral, ethical and legal duties to Plaintiff as a licensed claims adjuster, which was a producing and proximate cause of the damages and losses sustained herein by Plaintiff resulting in the denial and/or underpayment of Plaintiff's claim; to wit:

a)      The Adjustor failed to properly investigate and inspect the Property during repair of the property which would have revealed other covered hail/wind storm damage property losses;

b)      The Adjustor failed to and/or refused to properly interview Plaintiff to ascertain other damages that were not readily apparent or would not be readily apparent to an individual unfamiliar with the property's pre-loss condition;

c)      The Adjustor refused to and did not inspect for hidden or latent damage resulting to Plaintiff's Property that is customarily found to exist in Property that has undergone hail/wind storm damage of the severity that Plaintiff's Property sustained;

d)      The Adjustor failed and refused to include the usual and customary charges for costs of materials, supplies, labor and contractor's overhead and profit charged by local contractors for the repair, replacement and restoration of the Plaintiff's Property due to the hail/wind storm damage;

e)      The Adjustor performed only a cursory inspection of the exterior and interior of

Electronically Filed
9/24/2018 8:39 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3520-18-J**

the insured Property, spending insufficient time at the Property to properly assess all items of damage; and failed to properly assess, estimate and include covered damage to the property in the report and adjustment of loss to Defendant Insurance Company for the hail/wind storm damages and/or note other damages existing to the Property at the time of inspection such as plumbing, appliances, ceilings and walls that sustained damage as a result of the hail/wind storm event;

f)       Pleading in the alternative, the Adjustor, during the investigation of the Plaintiff's claim, made coverage decisions, which the Adjustor was not qualified and/or authorized to perform, by failing to include all damages sustained to the Property, thus submitting an inaccurate and false report of Plaintiff's covered hail/wind storm claim and its losses to Defendant Insurance Company;

g)       Defendant Insurance Company fraudulently represented to Plaintiff verbally and by conduct, insisted that the majority of the damages to the Property were not related to the hail/wind storm event made basis of this suit; and that most, if not all, of the covered damages found to exist upon observation of Plaintiff property, were not covered by the Policy, but were due to normal wear and tear or the result of other causes, when in fact such damage was related and should have been included in the Adjustor's reports to Defendant Insurance Company. Based upon information and belief, Defendant Insurance Company's acts and omissions as they pertain to the mishandling of Plaintiff's claim were largely dependent and proximately caused by its reliance on the report/adjustment produced by the Adjustor, whom it knew, or reasonably should have known, was biased and hence, under-scoped the damages.

5.10     Based upon information and belief, Defendant Insurance Company failed to thoroughly review the fraudulent and inaccurate assessment of the Claim as produced by the

Electronically Filed
9/24/2018 8:39 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3520-18-J**

Adjustor and ultimately approved the Adjustor's inaccurate reports of the damages to the Property.

5.11  The mishandling of Plaintiff's claim has also caused a delay and hardship in the ability to fully repair the Property, which has resulted in additional damages in terms of the loss of use of the Plaintiff's Property and mental anguish as a result thereof. To date, Plaintiff has yet to receive the full payment to which Plaintiff is entitled under the Policy.

5.12  In the alternative, without waiving the foregoing, and based upon information and belief, Defendant Insurance Company instructed the Adjustor to follow their claims processing guidelines of in connection with the claims handling process for Plaintiff's claim. Defendant Insurance Company was responsible for training, overseeing, and supervising its claim representatives and adjusters handling claims like Plaintiff's claim. Defendant Insurance Company was responsible for – and had a legal duty – to hire and retain competent, qualified and ethical licensed adjusters and claims representatives who would deal fairly, honestly and in good faith with its policy holders in the practice of insurance claims handling. Defendant Insurance Company breached such duties in connection with the Claim by failing to properly train, direct and oversee the claims handling practices employed by the Adjustor.

5.13  At all times material herein, Defendant Insurance Company had a non-delegable contractual legal duty to timely, fairly and in good faith investigate, process, adjust, timely pay, and re-adjust claims for all covered losses sustained by its policy holders – specifically Plaintiff. Defendant Insurance Company represented that it would do so in advertising mediums throughout the State of Texas and specifically in writing to its policy holders as an inducement for them to purchase and continue to renew homeowners and property insurance policies. Due to a lack of knowledge and understanding of the insurance claims handling process, knowledge of

Electronically Filed
9/24/2018 8:39 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3520-18-J

construction costs and insurance policy coverage issues relating to property losses, Plaintiff relied on such misrepresentations to Plaintiff's detriment, and hence (1.) purchased the Policy from Defendant Insurance Company, and (2.) accepted the estimate of damages from Defendant Adjustor which, unknown to Plaintiff, included denial and underpayment of covered losses and damages sustained. Defendant Insurance Company made such representations knowing they were false and with the intent that Plaintiff rely on such representations.

5.14    Based upon information and belief, Defendant Insurance Company, having breached its legal duty to timely, fairly and in good faith investigate, process, adjust and pay for all covered losses sustained by Plaintiff herein by assigning the Adjustor to adjust and handle Plaintiff's claim, is responsible for the acts of omission and commission set forth herein and above in connection with the Adjustor's investigation and claims handling practices employed to deny and/or underpay the covered losses and damages sustained by Plaintiff as set forth herein.

5.15    Based upon information and belief, Defendant Insurance Company distributed training, educational, and instructional materials to its field claim representatives and adjusters such as the Adjustor and held meetings and issued directives to the field instructing how Defendant Insurance Company wanted claims like Plaintiff's to be handled. Defendant Insurance Company, through directives to its adjusters like the Adjustor, tasked those adjusters assigned to Plaintiff's claim with handling such losses in line with Defendant Insurance Company's policy and procedures. Defendant Insurance Company communicated and disseminated claims handling practices and methodologies to its field adjusters such as Defendant Adjustor of 1) "Quantity over Quality", 2) Minimization of damage estimates, 3) Under-valuation of reported replacement and/or repair estimates, and 4) Omission of probable covered damages in reports of losses to the Property. These policies served to fuel and motivate the Adjustor's individual pre-disposition of

Electronically Filed
9/24/2018 8:39 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

bias in favor of insurance companies and prejudice towards claimants and the resulting losses sustained by Plaintiff as set forth herein.

5.16    Defendant Insurance Company failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant Insurance Company's conduct constitutes a breach of the insurance contract between Defendant Insurance Company and Plaintiff.

5.17    From and after the time Plaintiff's claim was presented to Defendant Insurance Company, the liability of Defendant Insurance Company to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Insurance Company has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing.

5.18    Pleading in the alternative, Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

5.19    As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys who are representing Plaintiff with respect to these causes of action.

5.20    Based upon information and belief, Plaintiff's experience is not an isolated case. The acts and omissions of Defendant Insurance Company committed in this case, or similar acts

Electronically Filed
9/24/2018 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3520-18-J**

and omissions, occur with such frequency that they constitute a general business practice of Defendant Insurance Company with regard to the handling of these types of claims. Defendant Insurance Company's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## VI. CAUSE OF ACTION AGAINST DEFENDANT INSURANCE COMPANY – NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE

6.1     Plaintiff repleads all of the material allegations above set forth in Paragraphs 1.1-5.20 and incorporate the same herein by this reference as if here set forth in full.

6.2     Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §§541.060(a)(1).

6.3     Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

6.4     Defendant failed to explain to Plaintiff the reasons for an inadequate settlement. Furthermore, Defendant did not communicate that any future settlements of payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices, TEX. INS. CODE §541.060(a)(3).

Case 7:19-cv-00333  Document 1-1  Filed on 09/17/19 in TXSD  Page 11 of 35

Electronically Filed
9/24/2018 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3520-18-J

6.5    Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

6.6    Defendant Insurance Company refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

6.7    Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.

6.8    Defendant Insurance Company failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.

6.9    Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date Plaintiff has not received full payment for the claim.  Defendant's conduct constitutes a violation of the Texas Insurance Code,

Electronically Filed
9/24/2018 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3520-18-J**

Prompt Payment of Claims. TEX. INS. CODE §542.058.

## VII. CAUSE OF ACTION AGAINST DEFENDANT INSURANCE COMPANY – FRAUD

7.1     Plaintiff repleads all of the material allegations above set forth in Paragraphs 1.1-6.9 and incorporate the same herein by this reference as if here set forth in full.

7.2     Defendant is liable to Plaintiff for common law fraud.

7.3     Defendant Insurance Company represented in its policy that damages resulting from a hail/wind storm would be insured against loss. Plaintiff, to its detriment, purchased Defendant Insurance Company's policy in exchange for a benefit Defendant Insurance Company knew the Plaintiff would not receive. Plaintiff further relied to its detriment upon the false, fraudulent, and deceptive acts and practices employed by Defendant, in performing an inspection, investigation and evaluation of Plaintiff's claim. Plaintiff was not knowledgeable in the manner and scope required to investigate such a loss, nor knowledgeable in insurance loss coverage issues and were not aware of the deceptive, fraudulent practices which required that they hire an independent adjustor after the delays and failure to provide the promises adjusting services were discovered.  Defendant, based upon its experience, special knowledge of hail/wind storm structural loss issues and insurance coverage issues were able to deceive Plaintiff into believing that the property damage loss would be competently investigated by a qualified, ethical and experienced adjustor and that the loss would be properly, fairly and in good faith evaluated and assessed and the claim paid.

7.4     Plaintiff was unaware that all such representations and conduct relating to the investigation and handling of the claim were performed with the intent and purpose to defraud, take advantage of and deny and/or undervalue the property losses sustained by Plaintiff.  Plaintiff relied to its detriment on such actions and representations resulting in the losses and damages

Electronically Filed
9/24/2018 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3520-18-J**

complained of herein. Plaintiff sought the assistance of its public adjustor in order to mitigate its losses and begin repair of the property so that the Property could be restored to a habitable condition which has caused further damage and expense. This undue expense and delay was solely incurred due to the acts of Defendant in failing to perform the duties what it was required to perform Texas Insurance Code and the contract of insurance.

7.5    The conduct of Defendant has prolonged Plaintiff's hardship of restoring the damaged home and increased the expense of relocation and alternative living arrangements. Defendant knew at the time the misrepresentations and fraudulent conduct occurred (as described above) that the representations contained in the estimate of loss were untrue and communicated those representations to Plaintiff which were false.  Each and every one of the representations and deceptive acts and practices, as described above, and those stated in this paragraph, concerned representations and falsehoods relating to material facts for the reason that absent such representations, Plaintiff would not have acted as Plaintiff did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion.

7.6    Defendant made statements and performed actions with the intention to manipulate Plaintiff to act as Plaintiff did, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### VIII. CAUSE OF ACTION AGAINST DEFENDANT INSURANCE COMPANY – CONSPIRACY TO COMMIT FRAUD

8.1    Plaintiff repleads all of the material allegations above set forth in Paragraphs 1.1-7.6 and incorporate the same herein by this reference as if here set forth in full.

8.2    Defendant is liable to Plaintiff for conspiracy to commit fraud.  Defendant, through its relationships with adjusters, and/or third party claims adjusting firms, was a member

Electronically Filed
9/24/2018 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3520-18-J**

of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendant committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result. Plaintiff does not seek damages from conspirators other than Defendant Insurance Company, but reserves the right to amend this pleading.

## IX. CAUSES OF ACTION AGAINST DEFENDANT INSURANCE COMPANY – BREACH OF CONTRACT/DUTY OF GOOD FAITH AND FAIR DEALING

9.1     Plaintiff repleads all of the material allegations above set forth in Paragraphs 1.1-8.2 and incorporate the same herein by this reference as if here set forth in full.

9.2     Defendant Insurance Company is liable to Plaintiff for intentional breach of contract, and intentional breach of the common law duty of good faith and fair dealing.

9.3     Defendant Insurance Company's conduct constitutes a breach of the insurance contract made between Defendant Insurance Company and Plaintiff.

9.4     Defendant Insurance Company's failure and/or refusal, as described above, to pay the adequate and just compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant Insurance Company's insurance contract with Plaintiff.

9.5     Defendant Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Insurance Company knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## X. CAUSES OF ACTION AGAINST DEFENDANT INSURANCE COMPANY –

Electronically Filed
9/24/2018 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3520-18-J

### RESPONSIBILITY FOR ACTS OF AGENTS AND RATIFICATION OF ACTS

10.1    The Adjustor, whose conduct is referenced herein and above, was acting as an agent of Defendant Insurance Company at all material times made the basis of Plaintiff's Claims and such acts of commission and omission in the handling of Plaintiff's claim, including inspections, adjustments, and aiding in the adjustment of the loss were committed for or on behalf of Defendant Insurance Company, the insurer. TEX.INS.CODE §4001.051.

10.2    Separately, and/or in the alternative, as referenced and described above, Defendant Insurance Company ratified the actions and conduct of Defendant Adjustor including the manner in which they discharged or failed to properly discharge their duties under the common law and applicable statutory laws and regulations.

## XI. KNOWLEDGE

11.1    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## XII. DAMAGES

12.1    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

12.2    As previously stated, the damages caused by the hail/wind storm event were not fully paid by Defendant Insurance Company and have not been properly addressed in the time since the covered loss event, causing further damages to Plaintiff financially in terms of paying for covered losses when such obligation was that of Defendant Insurance Company, which has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

Electronically Filed
9/24/2018 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3520-18-J**

12.3    For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim losses and expenses, together with attorney's fees.

12.4    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE §541.152.

12.5    For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

12.6    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant Insurance Company's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

12.7    For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

12.8    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's

Electronically Filed
9/24/2018 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3520-18-J**

attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## XIII. RESERVATION OF RIGHTS

13.1     Plaintiff reserves the right to prove the amount of damages at trial.   Plaintiff reserves the right to amend this petition to add additional counts upon further discovery as the investigation continues.

## XIV. CONDITIONS PRECEDENT

14.1     Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent to Plaintiff's right to recover herein have been performed or have occurred.

## XV. JURY DEMAND

15.1     Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Hidalgo County, Texas.   Plaintiff hereby tenders the appropriate jury fee.

## XVI. REQUESTS FOR DISCLOSURE TO DEFENDANT

16.1     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant Insurance Company and Defendant Adjustor disclose within fifty days (50) of service of this request, the information or materials described in Rule 194.2 of the Texas Rules of Civil Procedure.

## XVII. PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY

## INSTRUCTIONS FOR REQUESTS FOR PRODUCTION

17.1     Pursuant to the provisions of Rule 196 of the Texas Rules of Civil Procedure, you are hereby requested to produce the below designated "documents" which shall include, but are not limited to, papers, books, accounts, writings, drawings, graphs, charts, photographs, emails,

Case 7:19-cv-00333   Document 1-1   Filed on 09/17/19 in TXSD   Page 18 of 35

Electronically Filed
9/24/2018 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3520-18-J

electronic data, meta data or any other form of recordings and other data compilations from which information can be obtained, translated, or reproduced, if necessary by you, your agents or attorneys, through appropriate devices into reasonably usable form, and to produce the below designated tangible things which constitute or contain matters which are in the possession, custody or control of you, your agents, servants or attorneys, for inspection, sampling, testing, photographing and/or copying on the first business day after the expiration of fifty (50) days after service of these Requests for Production, at 4900 North 10th Street, Suite F3, McAllen, Texas 78504 pursuant to Rule 196.2(a) Tex.R.Civ.Proc. You are advised that pursuant to Rule 196, you must make a written response that shall state with respect to each  item or category of items that inspection will be permitted as requested and that you will comply with this Request, except to the extent that objections are made, stating specific reasons why such discovery will not be allowed.

## **INSTRUCTIONS AND DEFINITIONS**

17.2    In answering the following interrogatories and responding to the following Requests for Production, furnish all information and items available to you, including information or items in the possession of your attorneys, or their investigators, and all persons acting in your behalf and not merely such information known of your own personal knowledge. If you cannot answer an Interrogatory or respond to a Request for production in full after exercising due diligence to secure the information or item requested, so state in your answer or response and to the extent possible answer or respond stating whatever information or knowledge you have.

17.3    The INTERROGATORIES and REQUESTS FOR PRODUCTION OF DOCUMENTS which follow are to be considered as continuing, and you are requested to

Electronically Filed
9/24/2018 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3520-18-J**

provide by way of supplemental answers and responses hereto such additional information as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify your answers given to these Interrogatories and Requests for Production of Documents below. Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

As used herein, the following terms shall have the meaning indicated below:

a.      "Person(s)" means natural persons, corporation, partnerships, sole proprietorships, unions, associations, federations, reciprocal or inter-insurance exchange, Lloyd's plan, adjustor, contractor/estimator, engineer, independent contractor or any other kind of entity.

b.      "Document" means any printed, typewritten, hand written, electronically stored information in its native format, mechanically or otherwise recorded matter of whatever character, including but without limitation, letters, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- or intra- office communications, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, photographs, tape recordings, motion pictures and any carbon or photographic copies of any such material if you do not have custody or control of the original.

Electronically stored information. The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that are electronically stored.

Electronically Filed
9/24/2018 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3520-18-J

(1)     "Electronic file" includes, but is not limited to, the following: voicemail messages and files; e-mail messages and files; deleted files; temporary files; system-history files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; computer-activity logs; metadata. Unless otherwise defined, each example used to illustrate the term "electronic file" will have the meaning assigned to it by Microsoft Computer Dictionary (5th ed. 2002).

(2)     "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage. Unless otherwise defined, each example used to illustrate the term "electronic information system" will have the meaning assigned to it by Microsoft Computer Dictionary (5th ed. 2002).

(3)     "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards). Unless otherwise defined, each example used to illustrate the term "electronic storage" will have the meaning assigned to it by Microsoft Computer Dictionary (5th ed. 2002).

c.     "You" and "Your" shall mean the party to whom these questions are directed, as well as agents, employees, attorneys, investigators and all other "persons" acting for said party.

Electronically Filed
9/24/2018 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3520-18-J

d.  "Handle", "handled", "handling" and/or "worked on" – any person as defined above, that made a decision, investigated, adjusted, consulted, supervised, managed, settled, approved, provided information or otherwise performed a task relating to the claims mad the basis of this lawsuit, excluding persons performing purely ministerial or clerical tasks.

e.  "Policy" refers to the policy of insurance in effect on the date that the loss made the basis of this suit occurred.

f.  "Property" refers to the residence, dwelling, other structures, and personal property covered by the Policy, as defined above, made the basis of this suit.

g.  "Claim" or "Claim made the basis of this Suit" shall mean the claim filed by Plaintiff under Policy No. 000836268103 for structural damage incurred as a result of a hail/wind storm damages throughout the insured premises located at 1705 Marble Street Penitas, TX 78576, on or about June 2, 2017.

h.  "Describe" and/or "Identify", when referring to a document, is defined to require that you state the following:

1. The nature (e.g., letter, handwritten note) of the document;

2. The title or heading that appears on the document;

3. The date of the document and the date of each addendum, supplement, or other addition or change;

4. The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered; and,

Electronically Filed
9/24/2018 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3520-18-J**

5.   The present location of the document, and the name, address, position, or

title, and telephone number of the person or persons having custody of the

document.

If you object to identifying any person as hereinabove defined, or producing any

item requested, or you feel that a court order should be obtained by this party, please so state

in your answer to the interrogatory or response to a request for production.

### ADDITIONAL INSTRUCTIONS REGARDING REQUEST FOR PRODUCTION OF

### ELECTRONICALLY STORED INFORMATION

1.   Any documents that exist in electronic form are specifically requested to be produced in

native or near-native formats, pursuant to Rule 196.4 of the Texas Rules of Civil

Procedure and should not be converted to an imaged format (e.g. .PDF) unless such

document must be redacted to remove privileged content or the document does not exist

in a native electronic format, in which case a privilege log is requested.

2.   Native format requires production in the same format in which the information was

customarily created, used and stored by you.  Examples of the native or near-native forms

in which specific types of electronically stored information (ESI) should be produced are

as follows for each ESI Source:

a)      Microsoft Word documents - .DOC, .DOCX.

b)      Microsoft Excel Spreadsheets - .XLS, .XLSX.

c)      Microsoft PowerPoint Presentations - .PPT, .PPTX.

d)      Microsoft Access Databases - .MDB.

e)      WordPerfect documents - .WPD.

f)      Adobe Acrobat Documents - .PDF.

Electronically Filed
9/24/2018 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3520-18-J**

g)   <u>Photographs</u> - .JPG.

h)   <u>E-mail Messages</u> - should be produced so as to preserve and supply the source RFC 2822 content of the communication and attachments in a fielded, electronically-searchable format.  For Microsoft Exchange or Outlook messaging, .PST format will suffice.  Single message production formats like .MSG or .EML may be furnished, if source foldering data is preserved and produced.  If your workflow requires that attachments be extracted and produced separately from transmitting messages, attachments should be produced in their native forms with parent/child relationships to the message and container(s) preserved and produced.

i)   <u>Databases (excluding e-mail systems)</u> - Unless the entire contents of a database are responsive, extract responsive content to a fielded and electronically searchable format preserving keys and field relationships.  If doing so is infeasible, please identify the database and supply information concerning the schemae and query language of the database, along with a detailed description of its export capabilities, so as to facilitate Plaintiff crafting a query to extract and export responsive data.

3.   Examples of responsive forms of items set out in these instructions or in any request should not be construed to limit the scope of the request(s).

4.   Documents that do not exist in a native electronic format or which require redaction of privileged content are hereby requested to be produced in searchable .PDF format with logical unitization preserved.

Electronically Filed
9/24/2018 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3520-18-J**

5.      Production should be made using a flash/thumb drive or a portable external hard drive. If flash/thumb drives or portable external hard drive are not available to Defendant, Plaintiff will provide to Defendant upon request.

6.      Documents produced should be Bates numbered by naming the file produced to conform to the Bates number assigned to that file, supplying the original file name data in the delimited load file described below.  .PDF production of documents that do not exist in a native electronic format may be Bates numbered on each page in a manner that does not obscure content by embossing the Bates number of the file followed by a dash and the page number. Respond to each request for documents by listing the Bates numbers of responsive documents produced

7.      Production should include a delimited load file supplying relevant system metadata field values for each document by Bates number.  The field values supplied should include (as applicable):

         a. Source file name;

         b. Source file path;

         c. Last modified date;

         d. Last modified time;

         e. Custodian or source;

         f. Document type;

         g. MD5 hash value;

         h. Redacted flag; and,

         i. Hash de-duplicated instances (by full path).

Electronically Filed
9/24/2018 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3520-18-J**

8.      Documents should be vertically de-duplicated by custodian using each document's hash

value. Near-deduplication should not be employed so as to suppress different versions of

a document, notations, comments, tracked changes or application metadata.

## REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT INSURANCE COMPANY

1.      The following insurance documents issued for the Property as identified in the Petition:
        a.   the policy at issue for the date of loss as identified in the Petition

        RESPONSE:

2.      Produce underwriting files and documents relating to the underwriting for all insurance
        policies for the Property identified in the Petition. This request includes, but is not limited
        to all documents relating to any real property insurance claims made by Plaintiff. This
        request is limited to the past 5 years. To the extent Defendant contends that the
        underwriting file or documents older than 5 years impact the damages or coverage,
        produce that underwriting file or document.

        RESPONSE:

3.      All documents relating to the condition or damages of the Property or any insurance
        claim on the Property identified in the Petition.

        RESPONSE:

4.      Produce a copy of all price lists used to prepare any estimates for the claim made the
        basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third
        party, you can reference the vendor and version of the pricelist with a stipulation that it is
        unmodified. To the extent Defendant created or altered any prices used in the preparation
        of an estimate in the claim made the basis of this Lawsuit, produce all documents related
        to the creation or alteration of the price, including the original price for that item and the
        factual bases for the creation or alteration.

        RESPONSE:

5.      All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim
        made the basis of this Lawsuit, including any changes to the reserve(s) along with any
        supporting documentation.

        RESPONSE:

Electronically Filed
9/24/2018 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3520-18-J**

6.     All organizational charts, diagrams, lists, an/or documents reflecting each department, division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

    <u>RESPONSE:</u>

7.     All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail/wind storm property damage.

    <u>RESPONSE:</u>

8.     All contracts in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

    <u>RESPONSE:</u>

9.     Produce all documents showing amounts billed and paid to any engineer and/or engineering firm, third-party claims service, and/or independent adjuster who participated in the evaluation, assessment, and/or adjustment of the claim made subject of this suit. A summary is acceptable in lieu of actual invoices or payments.

    <u>RESPONSE:</u>

10.     A complete copy the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. As part of said personnel files, this request includes documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit. This request is limited to the past 5 years.

    <u>RESPONSE:</u>

11.     All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit, as well as all reports that include this claim specifically and the manner by which it was evaluated from the date of the hail/wind storm to the present.

    <u>RESPONSE:</u>

Electronically Filed
9/24/2018 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3520-18-J**

12.    Any email or document that transmits, discusses, or analyzes any report produced in response to Request for Production No. 11 above.

   RESPONSE:

13.    All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

   RESPONSE:

14.    All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiff's claim.

   RESPONSE:

15.    Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

   RESPONSE:

## WRITTEN INTERROGATORIES TO DEFENDANT INSURANCE COMPANY

1.    Identify all persons, address, including job title, dates of employment, and a description of each individual's role in the claim made the basis of this Lawsuit, if any, for all persons all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant, including those providing information for the answers to these interrogatories.

   ANSWER:

2.    State the following concerning notice of claim and timing of payment:
   a.  The date and manner in which Defendant received notice of the claim;
      i.  If Defendant contends that Plaintiff failed to provide proper notice of the claim made the basis of this suit under the Texas Insurance Code, describe how the notice was deficient, identifying any resulting prejudice caused to Defendant.
   b.  The date and manner in which Defendant acknowledged receipt of the claim;
   c.  The date and manner in which Defendant commenced investigation of the claim;
   d.  The date and manner in which Defendant requested from the Plaintiff all items, statements, and forms reasonably necessary that Defendant reasonably believed, at the time, would be required from the Plaintiff;
   e.  The date and manner in which Defendant notified the claimant(s) in writing of the acceptance or rejection of the claim.

Case 7:19-cv-00333   Document 1-1   Filed on 09/17/19 in TXSD   Page 28 of 35

Electronically Filed
9/24/2018 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3520-18-J

     f.  To the extent Defendant felt it was applicable to this claim, did Defendant request an additional 45 days to accept or reject the claim, and if so, for what reason and state the date and manner in which Defendant made that request.

     g.  The date and manner in which you notified Plaintiff of acceptance or rejection of coverage for all or any portion of Plaintiff's claim; and

     h.  The date and manner of all payments made to insured, identifying whether payment was made under structure, additional structure, contents and/or ALE provisions.

     i.  The date(s) on while Defendant closed Plaintiff's claim, if applicable.

<u>ANSWER:</u>

3.    Identify each inspection of the Property made the basis of this Lawsuit by:

     a.  The name and job title of each person who inspected the Property;

     b.  The date of each inspection;

     c.  The purpose of each inspection; and

     d.  Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

     e.  In the event that Defendant contends that Plaintiff ailed to exhibit/provide access to the Property as reasonably requested by Defendant, and, if so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

<u>ANSWER:</u>

4.    If Defendant is aware of documents that are not in Defendant's possession that are related to the Claim and were gathered by a person or entity working on behalf of Defendant (directly or indirectly), identify the documents, including the persons and/or entities in possession of those documents with last known addresses.

<u>ANSWER:</u>

5.    At the time the Claim made the basis of this Lawsuit was investigated by Defendant (and prior to the anticipation of litigation), describe Defendant's understanding of areas of the property (i.e., interior) Defendant was investigating, identifying the coverage sections (i.e., dwelling, other structure, contents, and/or code upgrade) of the Policy upon which the claim was paid or denied or partially paid or denied in part.

<u>ANSWER:</u>

6.    Does Defendant contend that at the time the claim made the basis of this Lawsuit was investigated by Defendant (and prior to anticipation of litigation), Plaintiff failed to protect the property from further damage or loss, make reasonable and necessary repairs or temporary repairs required to protect the Property as provided under the Policy?

<u>ANSWER:</u>

Electronically Filed
3/24/2018 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3520-18-J**

7.      At the time the claim made the basis of this Lawsuit was investigated (and prior to anticipation of litigation), identify all documents and information requested from Plaintiff(s) stating the date and manner in which the request was made to Plaintiff. If Defendant contends that Plaintiff(s) failed to provide Defendant with requested documents and/or information, identify all requests Plaintiff did not respond and if Defendant denied any portion of the claim based on Plaintiff's failure to respond.

ANSWER:

8.      At the time the claim made the basis of this Lawsuit was investigated (and prior to the anticipation of litigation), did Defendant request or take any statements and/or examinations under oath of Plaintiff(s) as provided under the policy. If so, state the date and manner in which Defendant made the request, the date on which any statements or examinations under oath were taken and the manner in which they were recorded or documented, identifying all persons who requested and/or took the statement or examination under oath. If Defendant contends that Plaintiff(s) failed to provide Defendant with a requested statement or examination, describe how Plaintiff failed to comply with any requests, to the extent it was relied upon to deny any portion of Plaintiff's claim.

ANSWER:

9.      Identify and state each and every basis, contention and reason why Defendant Insurance Company has not fully paid Plaintiff's Claim, as they relate to why Defendant Insurance Company disputes the dollar amount of the Claim submitted to it by Plaintiff for the replacement of and/or costs to repair the property and all other losses and expenses submitted by Plaintiff to Defendant Insurance Company in connection with the hail/wind storm damage claim made the basis of this suit.

ANSWER:

10.     Identify each item of damage, loss or expense of Plaintiff's Claim that Defendant contends is not covered by the policy as well as all exclusions under the policy applied to the claim made the basis of this lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

ANSWER:

11.     State whether if any persons and/or entities who handled the claim made the basis this Lawsuit failed to follow any rules, guidelines, policies, or procedures implemented by Defendant for claims similar to Plaintiff's Claim in regard to the adjustment of this claim. If so, identify each person and the specific rule, guideline, policy, or procedure that was violated.

ANSWER:

Electronically Filed
3/24/2018 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3520-18-J**

12.   To the extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of this lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

      ANSWER:

13.   To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 and/or 542 and/or any violations of the requirements or obligations owed to Plaintiff(s) under the Policy that were discovered by Defendant on this claim during the claims handling process.

      ANSWER:

14.   State the date Defendant first anticipated litigation.

      ANSWER:

15.   If you contend that the Plaintiff(s) made any misrepresentation regarding the Policy or the claim made the basis of this Lawsuit, state what specific misrepresentation(s) was/were made and the factual bases for your contention.

      ANSWER:

Electronically Filed
3/24/2018 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3520-18-J

## **VERIFICATION**

**STATE OF** _____        §
                                        §
**COUNTY OF** _____        §

BEFORE ME, the undersigned authority, on this day personally appeared

_____, on behalf of _____, its duly

authorized representative, known to me to be the person whose name is subscribed to the

foregoing instrument, who on his oath did state that the facts contained in the foregoing Answers

to Interrogatories are based upon his personal knowledge and are true and correct.


_____
**AUTHORIZED REPRESENTATIVE
FOR DEFENDANT**


SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this the

_____ day of _____, 201___.


_____
NOTARY PUBLIC in and for
The State of Texas
My commission expires: _____

Electronically Filed
9/24/2018 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3520-18-J**

## XVIII. PRAYER

18.1    **WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on Plaintiff's behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show Plaintiff is entitled to.

Respectfully submitted,

**THE MOORE LAW FIRM**
4900 North 10th Street, Suite F3
McAllen, Texas 78504
Telephone:  (956) 631-0745
Telecopier:   (888) 266-0971


By:    */s/ J. Michael Moore_____*
        J. MICHAEL MOORE
        State Bar No. 14349550

**ATTORNEY FOR PLAINTIFF**

Electronically Filed
9/24/2018 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3520-18-J**

CAUSE NO. _____

| | | |
|---|---|---|
| ANGELICA CHAVARRIA | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| VS. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE COMPANY | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## STIPULATION OF DAMAGES

COME NOW, Plaintiff, ANGELICA CHAVARRIA (hereinafter referred to as "Plaintiff"),

and hereby file this Stipulation of Damages, and agree, aver, and affirm the following:

1.      Plaintiff hereby Stipulates, agrees, acknowledges, and confirms that the total

amount of all damages, attorneys' fees, costs and any other additional affirmative relief in this

action does not exceed $74,999.00 ("Damages").  As used herein, the Damages include all sums

of any kind or character, including by way of illustration, but not by way of limitation: actual

damages, special damages, exemplary damages, attorney's fees, any other type of damages or

award that is measurable in money, and the value attributable to any other relief sought by Plaintiff

or that Plaintiff will seek in the form of a judgment or settlement.

2.      Plaintiff stipulates, agrees, acknowledges, and confirms that Plaintiff cannot and

will not seek, request, receive, recover, or accept leave of court in the future to amend Plaintiff's

complaint/petition to seek damages in excess of $74,999.99.

3.      Plaintiff stipulates, agrees, acknowledges, and confirms that Plaintiff cannot and

will not seek, request, receive, recover, or accept Damages in excess of $74,999.99 in this suit

even if Plaintiff is awarded more than such amount by a judge or jury.

4.      Plaintiff stipulates, agrees, acknowledges, and confirms that in the event that the

judge or jury awards Plaintiff any amount in excess of $74,999.99, Plaintiff will file a Motion for

Electronically Filed
9/24/2018 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3520-18-J

Remitter and/or a Motion to Modify the Judgment in the time period specified by applicable law, requesting that the trial court reduce the award to an amount equal to or less than $74,999.99. In the event that the trial court denies such Motion for Remitter and/or Motion to Modify the Judgment, then Plaintiff stipulate, agree, acknowledge, and confirm that Plaintiff will not seek or accept from Defendant, nor attempt to enforce a judgment against Defendant for any amount over $74,999.99.

5.     Plaintiff stipulates, agrees, acknowledges and confirms that each and every provision recited in this Stipulation is irrevocable, regardless of what facts and/or evidence may become known or apparent in the future, whether known or anticipated at this time. It is the intention of Plaintiff that this Stipulation shall be interpreted as being as general as possible, and that this agreement shall cover every conceivable contingency which might arise in the future, or which may have arisen in the past, whether known or unknown at this time.

6.     Plaintiff stipulates, agrees, acknowledges, and confirms that these agreements as set forth herein are voluntary and that Plaintiff have discussed the significance and ramification of entering into these Stipulations with their counsel. Plaintiff enter into this Stipulation without any coercion or undue influence from anyone, and all of the provisions contained herein shall be binding upon Plaintiff even in the event that Plaintiff change counsel at any time in the future in this matter.

7.     Plaintiff stipulates, agrees, acknowledges and confirms that the terms of this Stipulation shall inure to the benefit of and be binding upon all current parties to this lawsuit and their past, present, and future parents, subsidiaries, divisions, affiliates, officers, directors, managers, agents, predecessors in interest (if any), successors in interest (if any), assigns, representatives, attorneys, agents, brokers, employees, and sister companies.

Electronically Filed
9/24/2018 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-3520-18-J**

Respectfully Submitted,

**THE MOORE LAW FIRM**

By:___/s/ J. Michael Moore_____
      J. Michael Moore
      State Bar No. 14349550
      4900 North 10th Street Ste. F-3
      McAllen, Texas 78504
      Telephone: (956) 631-0745
      Telecopier: (888) 2660971
      **ATTORNEY FOR PLAINTIFF**

**So Stipulated By Plaintiff(s):**

*Angelica Chavarria*

**Name: Angelica Chavarria**

*Angelica Chavarria*

**Signature**

9-20-18

**Date**